UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DAVID SHAUN NEAL and CATHY CHAN,

                Plaintiffs,

-against-

18 SUSAN CT LLC and MICHAEL FERNANDES,

                Defendants.

**ORDER**

25-CV-00703-PMH

PHILIP M. HALPERN, United States District Judge:

On March 18, 2025, a Clerk's Certificate of Default was entered against 18 Susan CT LLC and Michael Fernandes ("Defendants"). (Doc. 16). The Court, on motion by David Shaun Neal and Cathy Chan ("Plaintiffs"), entered an order to show cause on April 11, 2025, as to why entry of default judgment should not be entered against Defendants. (Docs. 26-30). On May 14, 2025, Defendants filed an Answer and Counterclaim. (Doc. 35). On May 15, 2025, Plaintiffs filed a letter advising that they intended to serve a Rule 11(c)(2) pre-motion notice on Defendants' counsel seeking the withdrawal of the Answer and requesting that the Court disregard the filing. (Doc. 36). On May 28, 2025, Defendants filed a response to the order to show cause. (Doc. 38). The response is styled as a cross-motion and asks that the Court accept the untimely Answer, deny Plaintiffs' request for sanctions, and impose sanctions upon the Plaintiffs. (*Id.*). On May 29, 2025, Plaintiffs filed a letter requesting that the Court disregard Defendants' response. (Doc. 39).

"[A] motion to file a late answer is closely analogous to a motion to vacate a default" since "the party seeking to answer is given the same opportunity to present mitigating circumstances that it would have had if a default had been entered and it had then moved under Rule 55(c) to set it aside." *Graves v. Corr. Med. Serv.*, No. 11-CV-01005, 2015 WL 1823456, at *2 (W.D.N.Y. Apr. 22, 2015), *aff'd*, 667 F. App'x 18 (2d Cir. 2016). Rule 55(c) provides that "[t]he court may set

1

aside an entry of default for good cause . . ." Fed. R. Civ. P. 55(c). "Because defaults are generally disfavored and are reserved for rare occasions, when doubt exists as to whether a default should be granted or vacated, the doubt should be resolved in favor of the defaulting party." *Caleb & Brown Pty. Ltd. v. Thompson*, No. 20-CV-08612, 2021 WL 4226183, at *2 (S.D.N.Y. Sept. 16, 2021) (quoting *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993) (alteration omitted)). "Good cause under Rule 55(c) should be construed generously, and the dispositions of motions for entries of defaults and relief from the same under Rule 55(c) are left to the sound discretion of a district court because it is in the best position to assess the individual circumstances of a given case." *Id*. (internal quotation marks and alterations omitted). "In determining whether to vacate a default or default judgment, the Court must consider three factors: (1) whether the default was willful; (2) whether setting aside the default would prejudice the adversary; and (3) whether a meritorious defense is presented." *Id*. (quoting *Del Med. Imaging Corp. v. CR Tech USA, Inc.*, No. 08-CV-08556, 2010 WL 1487994, at *4 (S.D.N.Y. Apr. 13, 2010). "The Court may also consider whether the entry of default would bring about a harsh or unfair result." *Id*. (internal quotation marks omitted).

The Court finds that good cause exists to vacate the Clerk's entry of default under Rule 55(c) and permit the late-filed Answer. Defendants explain that Defendant Fernandes, while he was proceeding *pro se*, believed that service of his answer in March on his behalf and on behalf of the LLC Defendant was sufficient, and upon learning that it was not, retained the Levin Law Group for legal assistance in this matter. (Doc. 38-1 ¶¶ 3-6, 13). Defendants acted expeditiously upon being notified of the order to show cause, filing a response within one month of service upon them of the papers on which the order to show cause was based. (*See* Docs. 31, 32, 38). Plaintiffs have not established the existence of prejudice that would preclude vacatur of the entry of default.

Plaintiffs complain of a four-month delay, but "delay standing alone does not establish prejudice." *Enron Oil Corp.*, 10 F.3d at 98. Finally, Defendants have advanced defenses that could prove meritorious in opposing Plaintiffs' complaint. "A defense is meritorious if it is good at law so as to give the fact finder some determination to make." *Caleb & Brown Pty. Ltd.*, 2021 WL 4226183, at *4 (citation omitted). Defendants in their response note that the purported contracts at issue in the complaint are not attached as exhibits, and the claims for relief are subject to a statute of frauds defense. (Doc. 38-1 ¶¶ 14-15). Though Defendants have not specifically alleged a statute of frauds defense in the Answer, they do allege the absence of a contract as an affirmative defense which, if proven at trial, would certainly be a meritorious defense. (*See* Doc. 35). Defendants also allege in the Answer that there were modifications to the purported agreements between the parties. (Doc. 35-1). Plaintiffs argue in response that the messages annexed to the proposed Answer are taken out of context and dispute there was any modification to the parties' agreement. (Doc. 39 at 2). The resolution of whether a contract exists and whether it was modified by subsequent writing or conduct is a merits dispute that is more appropriately resolved after the parties have been afforded the opportunity to conduct discovery and not at the pleadings stage. The existence of such a dispute, and potentially meritorious defenses, weigh in favor of Defendants. Accordingly, under the circumstances, good cause exists to permit the filing of a late answer and to vacate the entry of default.

As Plaintiffs have not filed a motion for sanctions on this Court's docket, Defendants' request to deny Plaintiffs' request for sanctions is denied without prejudice. To the extent Plaintiffs seek the withdrawal of Defendants' Answer as a basis for sanctions (*see* Doc. 36), that request is rendered moot in light of the Court's determination herein that the late Answer be accepted for filing.

Defendants' motion to impose sanctions upon Plaintiffs, which is based upon counsel's argument that Plaintiffs committed perjury by making false statements concerning him and prior, unrelated cases in State Court (Doc. 38-1 ¶¶ 25-27), is denied. Granting a motion for "Rule 11 sanctions . . . should be reserved for extreme cases, and all doubts should be resolved in favor of the signing attorney." *Sorenson v. Wolfson*, 170 F. Supp. 3d 622, 626 (S.D.N.Y. 2016), *aff'd*, 683 F. App'x 33 (2d Cir. 2017). Furthermore, "[e]ven upon determining that Rule 11 has been violated, a court retains the discretion to decide whether to impose sanctions." *New Falls Corp. v. Soni Holdings, LLC*, No. 19-CV-00449, 2021 WL 919110, at *4 (E.D.N.Y. Mar. 8, 2021) (citing *Ipcon Collections LLC v. Costco Wholesale Corp.*, 698 F.3d 58, 63 (2d Cir. 2012)). Although the Court does not find there is a basis for imposition of sanctions here, it does take this opportunity to admonish all parties and counsel that any further correspondence and motion practice replete with *ad hominem* attacks may indeed result in the imposition of sanctions. All parties and counsel herein are reminded of the duty of civility and this Court's expectations of the litigants appearing before it, and encourages them to focus on presenting the merits of the case rather than making repeated challenges to the character of the adverse party and counsel.

Plaintiffs' motion for a default judgment is, therefore DENIED without prejudice. (Doc. 26). Defendant's cross-motion is GRANTED as to that branch which sought to file a late answer and/or vacate the Clerk's entry of default, and DENIED as to that branch which sought the imposition of sanctions against Plaintiffs. (Doc. 38).

The Answer and Counterclaim untimely filed on May 14, 2025 is accepted as the operative pleading and deemed filed. (Doc. 35). Plaintiffs shall answer or otherwise respond to the Counterclaim no later than **July 9, 2025**. The Court will separately docket a Notice of Initial Conference.

The Clerk of Court is respectfully directed to: (i) vacate the Certificate of Default (Doc. 16); and (ii) terminate the pending motions (Doc. 26, Doc. 38).

SO ORDERED.

Dated: White Plains, New York
       June 25, 2025

_____
Philip M. Halpern
United States District Judge