UNITED STATES DISTRICT COURT

FOR THE

SOUTHERN DISTRICT OF NEW YORK

DAVID SHAUN NEAL and

CATHY CHAN,                                    Case No.:  7:25-cv-00703PMH

            Plaintiffs,                        MOTION

                v.

18 SUSAN CT LLC and

MICHAEL FERNANDES,

            Defendants

To the Honorable Court:

Plaintiffs respectfully submit this motion seeking enforcement of the Court's January 7, 2026

Order (Doc. 64), and requesting that

35) so that Plaintiffs may proceed p

1. The January 7, 2026 Order

On January 7, 2026, the Court:

1. Granted defense counsel's motion

Application granted. Defendants' failure to comply with the Court's January 7, 2026 Order (Doc. 64) and appear through substitute counsel constitutes grounds for entry of default judgment. The stay expired by its terms on February 9, 2026 and the individual defendant neither obtained substitute counsel nor filed a notice of his intent to proceed *pro se*; and the corporate defendant did not obtain substitute counsel. Accordingly, Defendants are deemed in default and Plaintiffs may proceed to obtain a Clerk's Certificate of Default and comply with the Court's Individual Practices Rule 4(B) and Attachment A for seeking a default judgment against Defendants. The case management conference scheduled for April 20, 2026 is hereby canceled. The Clerk of Court is respectfully requested to strike the Answer and Counterclaim (Doc. 35) but retain the summary docket text for the record.

SO ORDERED.

_____

Philip M. Halpern
United States District Judge

Dated:  White Plains, New York
           February 12, 2026

**MOTION**

2. Stayed the action for 30 days;

3. Directed that Defendants obtain new counsel or, in the case of Mr. Fernandes, file a pro se notice with contact information by February 9, 2026; and

4. Ordered outgoing counsel to advise Defendants of the Order and to file a letter by January 14, 2026 confirming that such notice had been provided.

The Court further stated that if counsel did not appear for 18 Susan CT LLC by February 9, 2026, the LLC would be deemed in default, and that if Mr. Fernandes did not file a proper pro se notice, he would likewise be deemed in default. The Court expressly authorized Plaintiffs to seek default judgment upon such default.

2. Non-Compliance With the Court's Order

As of the date of this letter:

* No new counsel has entered an appearance on behalf of 18 Susan CT LLC.

* No compliant pro se notice has been filed by Mr. Fernandes (if applicable, adjust to facts).

* No letter from outgoing counsel confirming compliance with the January 14, 2026 directive appears on the docket.

Accordingly, both the withdrawal-notice requirement and the February 9, 2026 compliance deadline set by the Court have not been satisfied.

3. <u>Procedural Posture</u>

Defendants' Answer and Counterclaims (Doc. 35) remain on the docket and were previously accepted as the operative pleading.

Because Rule 55 requires a failure to plead or otherwise defend, Plaintiffs respectfully submit that, in light of Defendants' failure to comply with the January 7, 2026 Order, the appropriate procedural step is for the Court to strike Defendants' pleadings. Once stricken, Plaintiffs may properly proceed under Rule 55(a) and (b) consistent with the Court's January 7, 2026 directive.

Plaintiffs do not seek merits relief at this time. Plaintiffs seek only enforcement of the Court's Order and clarification of the procedural posture so that the matter may proceed in the manner contemplated by the Court.

4. <u>Requested Relief</u>

Plaintiffs respectfully request that the Court:

1. Find that Defendants have failed to comply with the January 7, 2026 Order;

2. Strike the Answer and Counterclaims (Doc. 35);

Plaintiffs shall then proceed to application for default pursuant to the individual rules of this Court.

A proposed order is submitted herewith.

Dated: February 11, 2026                    Respectfully submitted,

/s/ DAVID S NEAL

/s/ CATHY CHAN